74 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DEJA VU OF NASHVILLE, INC., a Tennessee Corporation; John
Christopher Cox; Good Times, Inc., d/b/a Mouse's Ear Lounge
a Tennessee Corporation; BOB POPE, d/b/a Bob's Gold Club;
Denise Benson and Delaina A. Caise, individually,
Plaintiffs-Appellants,
v.
METROPOLITAN GOVERNMENT OF NASHVILLE and Davidson County
Tennessee, Robert E. Kerchner, Jr., Chief of Police of the
Metropolitan Police Department, Charles W. Burson, Attorney
General, State of Tennessee, Defendants-Appellees.
 No. 94-5990.
 United States Court of Appeals, Sixth Circuit.
 Jan. 10, 1996.
 
 1
 Before: MARTIN, JONES, Circuit Judges, and COHN, District Judge.*
 
 
 2
 The Tennessee legislature enacted Chapter 542 of the Public Acts of 1994 to criminalize public nudity and other associated conduct in specifically enumerated circumstances. The statute was set to take effect on July 1, 1994. On June 14, 1994, DeJa Vu of Nashville and other businesses and individuals primarily engaged in the exhibition of live nude and/or semi-nude entertainment ("Plaintiffs") brought a cause of action pursuant to 42 U.S.C. Sec. 1983 to enjoin and to declare as unconstitutional the Tennessee anti-nudity statute. Plaintiffs sued the Metropolitan Government and Police Department of Nashville and the State of Tennessee ("Defendants") in the United States District Court for the Middle District of Tennessee, filing a complaint for Preliminary Injunction, Permanent Injunction, Damages and Declaratory Judgment, a Motion for Issuance of Temporary Restraining Order and Preliminary Injunction, and a brief supporting the motions.
 
 
 3
 After dismissing the TRO request with Plaintiffs' consent, the district court held a hearing on June 16, 1994. Defendants were given until June 27, 1994, to file briefs in response to Plaintiffs' motion. Meanwhile, this court had heard arguments in the case of Triplett Grille, Inc. v. City of Akron on May 2, 1994, which was decided November 14, 1994. See 40 F.3d 129 (6th Cir.1994). Before this Circuit reported its decision in Triplett Grille, however, the district court denied Plaintiffs' motion for Preliminary Injunction in an Order and Memorandum entered July 1, 1994. Plaintiffs filed a motion to alter or amend judgment and for additional findings, and on July 28, 1994, filed a notice of appeal regarding the court's denial of injunctive relief. On August 3, 1994, the district court denied Plaintiffs' motion, and on August 8, 1994, Plaintiffs filed an amended notice of appeal to this court.
 
 
 4
 Pending the hearing of this appeal, Plaintiffs have not been prosecuted under Chapter 542, and the Metropolitan Police Department of Nashville "has been advised to refrain from enforcing the statute." Tennessee's Br. at 1. Nevertheless, no ripeness or mootness arguments have been made because the statute continues to be enforced in other areas of Tennessee and can at any time be enforced in Nashville. In fact, an Amicus Curiae brief has been filed by businesses and individuals operating clubs in Memphis, Tennessee ("Amicus"), which feature dancing that contains nudity as defined in Chapter 542. In their brief, Amicus suggests that the statute has been enforced in Memphis against non-drinking establishments, but not against Amicus.
 
 
 5
 We are confronted with the issue of whether the district court erred in declining to enter a preliminary injunction to enjoin enforcement of the new Tennessee public indecency statute. In evaluating whether a preliminary injunction should be granted, a court considers:
 
 
 6
 1. whether the movant is likely to prevail on the merits;
 
 
 7
 2. whether the movant would suffer an irreparable injury if the court does not grant a preliminary injunction;
 
 
 8
 3. whether a preliminary injunction would cause substantial harm to others; and
 
 
 9
 4. whether a preliminary injunction would be in the public interest.
 
 
 10
 G & V Lounge Inc. v. Michigan Liquor Control Comm'n, 23 F.3d 1071, 1076 (6th Cir.1994).
 
 
 11
 Once the district court grants or denies a preliminary injunction, this court reviews that decision for an abuse of discretion. Id.; Southern Milk Sales, Inc. v. Martin, 924 F.2d 98, 103 (6th Cir.1991). "[A]n abuse of discretion exists only when the reviewing court is firmly convinced that a mistake has been made. G & V Lounge, 23 F.3d at 1076. In the context of a request for a preliminary injunction, the district court abuses its discretion when it "relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." Newsom v. Norris, 888 F.2d 371, 373-74 (6th Cir.1989).
 
 
 12
 We find that the district court erred in not granting the preliminary injunction. Upon reviewing the applicable law and facts, we believe that Plaintiffs have presented sufficient information to demonstrate that a preliminary injunction is warranted under the test adopted in G & V Lounge. See, 23 F.3d at 1076. The district court abused its discretion in denying the preliminary injunction. Accordingly, we REVERSE the district court's judgment, GRANT the Plaintiffs a preliminary injunction, and REMAND the case to the district court for an expedited trial on the merits.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation